UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDELL L. HOWARD,<br><br>             Plaintiff,<br><br>      vs.<br><br>E. CHAPA, et al.,<br><br>             Defendants. | 1:14-cv-00928-GSA-PC<br><br>ORDER DENYING MOTIONS FOR IMMEDIATE SERVICE OF PROCESS AND FOR SANCTIONS<br>(Doc. 8.) |

**I.      BACKGROUND**

Chandell L. Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 17, 2014. (Doc. 1.) On July 17, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On March 30, 2015, Plaintiff filed a motion for immediate service of process in this action by the United States Marshal. (Doc. 8.) Plaintiff also requested the imposition of sanctions against prison officials. (Id.)

## II. SERVICE OF PROCESS

Plaintiff requests an order directing the United States Marshal to serve process upon the defendants in this action.  However, it is not yet time for service in this action.

The court will, *sua sponte*, direct the United States Marshal to serve Plaintiff's Complaint only after the court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants.  The court is required by law to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, such as the instant action brought pursuant to 42 U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

Plaintiff's Complaint awaits the requisite screening by the court.  Therefore, it is not time for service in this action and Plaintiff's motion for service shall be denied.

## III. MOTION FOR SANCTIONS -- JURISDICTION

Plaintiff requests a court order imposing sanctions against prison officials at Pelican Bay State Prison (PBSP) in Crescent City, California, where he is currently incarcerated.  Plaintiff argues that he is being abused and denied basic human needs and necessities, such as razors, hair clippers, clean clothing, access to the law library, and legal forms.  Plaintiff also alleges that prison officials are retaliating against him and interfering with his prison trust account and mail.  Plaintiff requests the imposition of sanctions against prison officials for their misconduct.

Plaintiff's motion must be denied because the court lacks jurisdiction to impose sanctions against officials at PBSP.  The court lacks jurisdiction because the court does not have such a case or controversy before it in this action.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).

Plaintiff's Complaint in this action arises from events allegedly occurring in 2012 at Kern Valley State Prison in Delano, California, when Plaintiff was incarcerated there. Plaintiff now requests a court order requiring present or future action by officials who are not defendants in this action. Because an order imposing sanctions upon officials at PBSP would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue such order, and Plaintiff's motion must be denied.

**IV.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions for service of process and for the imposition of sanctions against prison officials, filed on March 30, 2015, are DENIED.

IT IS SO ORDERED.

Dated:   **April 2, 2015**                     **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE