UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDELL HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>E. CHAPA, et al,<br><br>    Defendant. | 1:14-cv-0928-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 7) |

On March 27, 2015, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Plaintiff's complaint awaits the Court's screening required under 28 U.S.C. 1915. Thus, to date the Court has not found any cognizable claims in plaintiff's complaint for which to initiate service of process, and no other parties have yet appeared. The legal issues in this case – whether defendants retaliated against Plaintiff, discriminated against him, and failed to protect him – do not appear complex, and this court is faced with similar cases almost daily. Moreover, based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Therefore, plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 2, 2015**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE