UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDELL L. HOWARD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>E. CHAPA, et al.,<br><br>　　　　Defendants. | 1:14-cv-00928-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 11.) |

**I.     BACKGROUND**

　　Chandell L. Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 17, 2014.  (Doc. 1.)  On July 17, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. 636(c), and no other parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On April 2, 2015, the court issued an order denying Plaintiff's motion for immediate service of process and for the imposition of sanctions against prison officials. (Doc. 9.) On April 27, 2015, Plaintiff filed objections to the court's delay in reviewing his case, which the court construes as a motion for reconsideration of the court's order issued on April 2, 2015. (Doc. 9.)

## II.     MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare

Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff objects to the court's abuse of discretion in the failure to process and review his Complaint. Plaintiff complains that he has been transferred to Pelican Bay State Prison and subjected to retaliation. Plaintiff also states that "[a]lthough [he] declined the consent of a Magistrate, the District Judge (Gary Austin) assigned one anyway (GSA)." (Objections, Doc 11 at 2 ¶3.) Plaintiff also alleges that the court "order[ed] the Defendants to show cause and respond, [and] as a result the court has created default in the prosecution of the herein civil rights § 1983 complaint." (Id. at 4 ¶9.)

Plaintiff's assertions that he declined Magistrate Judge jurisdiction, and that the court ordered the defendants in this case to "show cause and respond" are untrue. (Court Record.) With respect to Plaintiff's allegations of retaliation against him at Pelican Bay State Prison, Plaintiff was advised in the court's order of April 2, 2015, that the court lacks jurisdiction to grant relief to Plaintiff. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on April 27, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **April 29, 2015**          **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE