UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDELL HOWARD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>E. CHAPA, et al.,<br><br>　　　　Defendants. | 1:14-cv-00928 GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.　Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on July 7, 2014 (ECF No 5).

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pelican Bay State Prison, brings this action against defendant correctional officials employed by the CDCR at Kern Valley State Prison, where the events at issue occurred. Plaintiff names as defendants Correctional Officer (C/O) E. Chapa and the Warden. Plaintiff claims that Defendants failed to protect him and retaliated against him for filing a complaint about Chapa.

Plaintiff's complaint consists largely of conclusory allegations about the dangers of prison life, particularly the animosity between inmates of different ethnicities. Plaintiff's specific allegation as to Defendant Chapa is that he referred to Plaintiff as a n****r in both Spanish and English. Plaintiff alleges that Chapa told the white inmates to stay away from Plaintiff. Plaintiff contends that, due to the fact that Chapa is in a position of authority and the nature of ethnic differences in prison, he has failed to protect Plaintiff in violation of the Eighth Amendment. Plaintiff further alleges that, after he filed a complaint regarding Chapa's conduct, he was transferred to Pelican Bay. Plaintiff contends that this constitutes retaliation in violation of the First Amendment.

### A.     Failure to Protect

The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. Farmer v. Brennan, 511 U.S. 825, 844 (1994). A prison official violates this duty when two requirements are met. Id. at 834. First, objectively viewed, the prison official's act or omission must cause "a substantial risk of serious harm." Id. Second, the official must be subjectively aware of that risk and act with "deliberate indifference

to inmate health or safety." Id. at 834, 839-40 (internal quotation marks omitted).  In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Deliberate indifference is "something more than mere negligence: but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835.  A prison official's deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious." Id. at 842.

Here, Plaintiff has failed to allege facts that state a claim for relief.  Plaintiff has not alleged any conduct on behalf of Defendant Chapa that threatened him with any specific harm. Chapa cannot be held liable based upon a generalized fear of ethnicity-based violence.  That Chapa referred to Plaintiff using a racial epithet does not, of itself, state a claim for relief. Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong).  Plaintiff's allegations do not rise to the level of a constitutional violation.  See 42 U.S.C. § 1997(e)(prisoners cannot bring civil suits in federal court for mental or emotional injuries suffered while incarcerated unless they first show that they suffered physical injury).   Plaintiff must allege facts indicating that Chapa knew of a specific harm to Plaintiff and failed to protect Plaintiff from that harm, resulting in injury to Plaintiff.

### B.     Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

3

did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995)(quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

Plaintiff may not simply allege that he filed a grievance and then he was transferred, and infer that the transfer was retaliatory. Plaintiff fails to identify the specific individual that authorized the transfer, and Plaintiff fails to indicate what, if any, reason was communicated to him by correctional staff for the transfer. Presumable Defendant Chapa, a correctional officer, is not authorized to order transfers of inmates to other facilities. A simple allegation of a transfer does not state a claim for relief. Plaintiff must allege facts indicating who ordered the transfer, and facts indicating how that individual knew of Plaintiff's complaint.

### C. Supervisory Liability

Plaintiff names as a defendant the Warden at Kern Valley. Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff alleges not personal conduct as to the Warden. This defendant should therefore be dismissed.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

### III.    Conclusion

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007)(citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete and in and of itself without reference to the prior or superseded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)).

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty** days from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 10, 2015**                               **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE