# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDELL HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>E. CHAPA, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00928-BAM-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g). |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). [1] Pending before the Court is Plaintiff's August 28, 2015, first amended complaint, filed in response to the June 10, 2015, order dismissing the original complaint with leave to file an amended complaint. (ECF No. 14.)

## I.

## SCREENING STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on July 17, 2014. (ECF No. 5.)

1

legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a Plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PROCEDURAL HISTORY

This action proceeds on the August 28, 2015, first amended complaint, filed in response to the June 10, 2015, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. (ECF No. 14.)  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pelican Bay State Prison, brings this action against CDCR officials for subjecting Plaintiff to dangerous conditions of confinement in violation of the Eighth Amendment.

In the original complaint, Plaintiff named as Defendants Correctional Officer (C/O)

1 Chapa, a CDCR employee at Kern Valley State Prison, and the Warden at Kern Valley State
2 Prison. The original complaint consisted largely of conclusory allegations about the dangers of
3 prison life, particularly the animosity between inmates of different ethnicities. Plaintiff's
4 specific allegation was that Defendant Chapa referred to Plaintiff, an African-American, using a
5 racial epithet. Plaintiff alleged that Chapa told white inmates to stay away from Plaintiff.
6 Plaintiff alleged that, due to the fact that C/O Chapa was in a position of authority and the nature
7 of ethnic differences in prison, he failed to protect Plaintiff in violation of the Eight Amendment.
8 Plaintiff further alleged that after he filed a complaint regarding C/O Chapa's conduct, he was
9 transferred to Pelican Bay. The Court provided Plaintiff with guidance in the form of the
10 appropriate legal standards for failure to protect in violation of the Eighth amendment and
11 retaliation in violation of the First Amendment.

## III.

## FIRST AMENDED COMPLAINT

In the first amended complaint, Plaintiff expands the scope of his allegations. Plaintiff names the following individual Defendants:  C/O Chapa, Kern Valley State Prison Warden K. Harrington; the CDCR Director; Pelican Bay State Prison Warden Ducart; N. Ikegbu, M.D.

Plaintiff's first amended complaint is vague and rambling, and asserts conclusory allegations regarding the conduct of prison officials at various prisons. Although difficult to discern from the first amended complaint, the Court notes the following allegations:  vague allegations of failure to supervise and setting in motion "rogue" acts to inflict serious injury. (ECF No. 23 p. 3.); failure to provide inmate safety against racial practices of discrimination and staged violence by rogue prison guards; a re-statement of the allegation in the original complaint that Defendant Chapa called Plaintiff a racial epithet in front of Hispanic inmates; falsification of records by staff at the California Men's Colony; obstruction of medical care; misclassification of Plaintiff's prison records by individuals at Pelican Bay State Prison in February of 2015 (after this action was initiated); vague allegations of criminal conspiracy.

27 ///
28 ///

## IV.

## ANALYSIS

### A. Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041. 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)(quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk or serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong).

Here, Plaintiff fails to allege facts from which an inference could be drawn that Defendant Chapa, or any of the Defendants, knew of a specific harm to Plaintiff and disregarded that harm. In the order dismissing the original complaint, Plaintiff was advised that to hold an individual defendant liable, he must describe who that defendant is, and explain, clearly and in his own words, what happened. The Court specifically directed Plaintiff to explain what Defendant Chapa did to violate Plaintiff's rights. (ECF No. 14 at 5:6.) Plaintiff was provided guidance in the form of the legal standards for failure to protect. The original complaint failed

because Plaintiff did not specifically allege facts indicating that Defendant Chapa knew of a particular harm to Plaintiff. Plaintiff's first amended complaint is vaguer than the original complaint, and impermissibly expands the scope of Plaintiff's claims.

Plaintiff has not cured the defect identified in the original complaint. Plaintiff has not alleged facts indicating that Defendant Chapa knew of a particular harm to Plaintiff and disregarded it. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is vaguer than the original complaint. Plaintiff therefore fails to state a claim for relief for failure to protect Plaintiff in violation of the Eighth Amendment.

**B. Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. DiVittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 F.3d at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's retaliation claim stemmed from an allegation that he was subjected to a retaliatory transfer. In the order dismissing the original complaint, Plaintiff was advised that he may not simply allege that he filed a grievance and then was transferred. Plaintiff was specifically advised that he must allege facts indicating who ordered the transfer, and facts indicating how that individual knew of Plaintiff's protected activity. Plaintiff has failed to do so in the first amended complaint. Plaintiff fails to allege what specific First Amendment activity he was engaged in, who ordered Plaintiff's transfer, and how that individual knew of Plaintiff's

5

protected activity. As with Plaintiff's Eighth Amendment claim, the first amended complaint fails to state sufficient factual allegations and is vaguer than the original complaint. Plaintiff therefore fails to state a claim for relief for retaliation in violation of the First Amendment.

### C. Equal Protection

Plaintiff makes vague references to discrimination. To the extent that Plaintiff is attempting to allege a cause of action for racial discrimination, he is advised of the following. The Equal Protection Clause requires that persons who are similarly situated should be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't. of Corr. Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). There are no allegations indicating that any of the Defendants engaged in conduct that constitutes a violation of the Equal Protection Clause.

### D. Venue

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may be otherwise brought." 28 U.S.C. § 1391(b). The decision to transfer venue of a civil action under §1404(a) lies soundly within the discretion of the trial court. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Plaintiff sets forth vague allegations of conduct that occurred at the California Men's Colony in San Luis Obispo and Pelican Bay State Prison.

The Court declines to transfer any of Plaintiff's claims to the appropriate district. The original complaint alleged constitutional violations that occurred at Kern Valley State Prison, in

the Eastern District of California.  Should Plaintiff seek to challenge the conduct of correctional officials at the California Men's Colony or at Pelican Bay State Prison, he should file separate actions in the appropriate district.

### E.  Related Claims

Plaintiff is raising numerous claims against different defendants based on different events occurring at different times.  Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 653 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's claims fail to comply with the rules regarding joinder of claims.  For example, Plaintiff is pursuing claims against officials at different prisons, occurring at different times. Plaintiff appears to be pursuing claims unrelated to the allegations against Defendant Chapa.  For example, Plaintiff's allegations of misclassification and obstruction of medical care are unrelated to his allegations of retaliation and failure to protect against Defendant Chapa.  Plaintiff may not pursue unrelated claims against  unrelated defendants in this action.

### F.  Supervisory Liability

Plaintiff names as Defendants Wardens of Kern Valley State Prison and Pelican Bay State Prison, as well as the Director of the CDCR.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 673.  In other words, to state claim for

relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff has failed to do so here. The supervisory Defendants should therefore be dismissed.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's first amended complaint fails to state a claim upon which relief may be granted. Plaintiff was previously notified of the applicable legal standards and the deficiencies in pleading, and despite guidance from the Court, Plaintiff's first amended complaint fails to correct the deficiencies identified in the order dismissing the original complaint. In the order dismissing the original complaint, Plaintiff was specifically cautioned that he may not change the nature of this suit by adding new, unrelated claims. (ECF No. 14 at 5:12.) In direct contravention of that order, Plaintiff expanded the scope of the allegations in his first amended complaint. Based upon the allegations in Plaintiff's original complaint and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief on his failure to protect and retaliation claims, and that further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987.)

///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief could be granted; and
2. This action count as a strike pursuant to 28 U.S.C. § 1915(g).
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 2, 2016**               /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

9